IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATASHA VARNER,<br><br>    Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA LLC, CORPORATE DEFENDANTS 1-5, and STEPHEN HYDER - FAULKNER,<br><br>    Defendant. | Civil Action<br>File No.: |

## PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division

COMES NOW, Family Dollar Stores of Georgia, LLC, by and through its undersigned counsel, and files its Petition for Removal and respectfully show this Court the following:

1.     Plaintiff previously filed a lawsuit against Defendant Family Dollar Stores of Georgia, LLC, Corporate Defendant 1-5, and John Doe, Manager. The previous claim was initially filed in Clayton County State Court designated as Civil

Action File No. 2021CV00235. (Attached hereto as Exhibit "A"). That claim was removed to the United States District Court for the Northern District of Georgia, Atlanta Division designated as Civil Action File No. 21-CV-00886-LLM. (Attached hereto as Exhibit "B"). During that litigation, Ms. Varner never added Mr. Faulkner as a party defendant. Ultimately, Ms. Varner moved to dismiss the case, and the Court granted a dismissal on November 8, 2021. (Attached hereto as Exhibit "C").

2. A civil action has been re-filed and is now pending in the State Court of Clayton County, State of Georgia designated as Civil Action File No. 2022CV00173. (Attached hereto as Exhibit "D").

3. The Summons and Complaint in that action were filed in the State Court of Clayton County on January 25, 2022. Family Dollar was both served and acknowledged service on March 23, 2022. (Ex. D). The Petition for Removal is filed within (30) days after being served in said action. Thus, Family Dollar Stores of Georgia, LLC, timely files this Petition for Removal.

4. Defendant files herewith a copy of all process, pleadings, and orders including the Summons and Complaint in this action, pursuant to 28 USC § 1446. (Attached hereto as Exhibit "D").

5. Plaintiff, Natasha Varner, is a citizen of the State of Georgia.

6. Defendant, Family Dollar Stores of Georgia, LLC, is a foreign limited liability company, with a single member – Family Dollar Stores, Inc., a foreign corporation formed under the laws of the State of Delaware and has its principal place of business in the State of Virginia. Thus, Family Dollar Stores of Georgia, LLC, is a citizen of the States of Delaware and Virginia. Defendant was at the commencement of this suit, and at all times since been a corporation organized and existing under the laws of the State of Virginia, with its principal place of business located at 500 Volvo Parkway, Chesapeake, Virginia, 23320.

7. Plaintiff's renewal complaint also named Stephen Hyder- Faulkner as a Defendant. Mr. Faulkner has been fraudulently joined to this case to destroy diversity jurisdiction.

8. In Georgia, the statute of limitations for personal injury claims is two years from the date of the incident. O.C.G.A. § 9-3-33. Thus, the statute of limitations for Plaintiff's personal injury claim would have been March 19, 2021. However, on March 14, 2020, prior to the expiration of the statute of limitation of Plaintiff's claim, the Chief Justice of the Georgia Supreme Court issued an Order Declaring a Statewide Judicial Emergency as a consequence of "the continued transmission of Coronavirus/COVID-19 throughout the State and the potential infection of those who work in or are required to appear in our courts.

The first emergency order suspended or tolled, during the period of that order, "any deadlines or other time schedules or filing requirements imposed by otherwise applicable statutes, rules, regulations, or court orders, whether in civil or criminal cases or administrative matters, including, but not limited to any ... statute of limitation." *Beauparlant v. Aiken*, No. A21A1255, 2022 WL 213215, at *2 (Ga. Ct. App. Jan. 25, 2022). The emergency order subsequently was extended several times. *Id*. In his third emergency order issued on June 12, 2020, the Chief Justice reimposed deadlines imposed on litigants by statutes, rules, regulations, and court orders [effective July 14, 2020,] *with certain exceptions and conditions*, including that "[t]he 122 days between March 14 and July 14, 2020, *or any portion of that period in which a statute of limitation would have run*, shall be excluded from the calculation of that statute of limitation." *Id.* The 122-day tolling provision has been included in all subsequent extensions of the emergency order. *Id.*

Thus, the statute of limitations for Plaintiff's claim was July 19, 2021.

9.   Due to Plaintiff's renewal complaint changing the parties being sued after the statute of limitations period, her claims against Stephen Hyder- Faulkner are time-barred because the renewal complaint does not relate back to the original complaint pursuant to O.C.G.A. § 9-11-15(c).

Where a defendant is designated as an unknown "John Doe" and not served in an action, and in a subsequent renewal of the action, the defendant is named, substituted in place of "John Doe" and served after the expiration of the statute of limitation, the provisions of OCGA § 9–11–15(c) govern whether the known defendant may be named and served in the renewal action after the limitation period has expired. See, *Milburn v. Nationwide Ins. Co.*, 228 Ga. App. 398, 401 (1997).

Georgia Courts have held that where an additional party would be added after the running of the statute of limitation, the court must determine whether the claim against the new party relates back to the original complaint. See, *Cooper v. Kana Hotels, Inc.*, 358 Ga. App. 864, 866–67 (2021). Section 9–11–15(c) provides that the substitution of the known defendant relates back to the date of the original pleadings if, within the limitation period, the defendant (1) "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." See, *Milburn*, 228 Ga. App. 398, 401–02 (1997).

Here, Plaintiff's renewal action provides that the instant lawsuit is based upon substantially the same cause of action as the prior lawsuit. [ Renewal Comp. ¶1b]. To

date, Plaintiff has not provided any evidence (nor allegation in her Complaint) that Mr. Hyder Faulkner received notice of the action within the statute of limitations.

Further, Stephen Hyder-Faulkner, did not know, or should have known that, prior to the expiration of the statute of limitations, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In *Oconee City v. Cannon*, the Court looks for guidance in Federal Courts decisions in interpreting and applying OCGA § 9-11-15 (c) because the language is modeled after Federal Rule of Civil Procedure 15 (c), and the slight differences between the two are not material to the issue presented. 310 Ga. 728, 733–34 (2021). The Court concluded that third condition of Rule 15 (c) "depends on what the party to be added knew or should have known, not on the amending party's knowledge. *Id*

The court in *Oconee City* first analyzed whether the Cannons made a mistake concerning the identity of the proper party. *Oconee Cty. v. Cannon*, 310 Ga. 728, 736 (2021). The court explained that although the Cannons made a deliberate choice to sue Oconee County rather than suing Sheriff Berry in his official capacity, the record suggests that they did not fully understand the legal differences between the two. *Id*. Additionally, the Cannons made a mistake as to the identity of the proper party because they did not believe that Sheriff Berry in his official capacity could be a proper party,

and in that sense, they made a mistake as to the identity of the proper party. *Id.* The Court vacated the Court of Appeal's ruling with direction to vacate the trial court decision and direct the trial court to make findings consistent with the appropriate relation back test because the relevant question in making their finding regarding Sheriff Berry's knowledge was unclear. *Id at* 736–37. They further elaborated that although it was clear from the record that Sheriff Berry in his official capacity knew about the lawsuit even before its initiation because he received a copy of the presentment, the record was silent as to whether Sheriff Berry knew or should have known that the Cannons would have sued him but for their mistake. *Id.* Therefore, the Court found trial court's order denying the Cannons' motion to substitute found no evidence "that Sheriff Berry had or should have had knowledge that the Cannons made any mistake whatsoever." *Id.*

In *Pate v. Michelin N. Am., Inc*, the Court found that Plaintiff's claims against the Michelin defendants were time barred because neither the amended complaint filed in state court, nor the complaint filed in this court indicates that Michelin had notice of this action prior to the expiration of the statute of limitations. No. 1:15-CV-2425-CAP, 2015 WL 12086090, at *2 (N.D. Ga. Sept. 8, 2015). Similarly, neither of those pleadings contain any indication that the Michelin defendants knew or should have

known that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. *Id.*

Here, the facts are analogous to *Oconee City* and *Pate.* The original claim nor the renewal action filed indicated that Defendant, Stephen Hyder-Faulkner, had notice of the action prior to the statute of limitations. Further, the renewal actions did not contain any indication that Mr. Hyder Faulkner knew or should have known, but for a mistake concerning identify of the proper party, the action would have been brought against him. Plaintiff complaint indicates, "At the time of the incident that gives rise to this action, Defendant Stephen Hyder – Faulkner was a manager at the Family Dollar located at 2335 Highway 138 E, Jonesboro, 30236, Clayton County, Georgia and exercised supervisory control over the store. [Renewal Comp. ¶5]. Thus, Stephen Hyder- Faulkner was improperly joined as a party to the lawsuit.

10.     In Woodard v. Wal-Mart Stores East, L.P., the District Judge found that the current store manager had been fraudulently joined to the case because he was neither the manger nor employed by the defendant retailer at the time of the fall. 2010 WL 942286 (M.D.Ga. 2010).  Specifically, the District Judge found "Plaintiff cannot establish a cause of action against Manning for active negligence or misfeasance," and thus, the District Judge denied the plaintiff's motion to remand and dismissed the store manager from the case.

Where a defendant has been fraudulently joined (i.e. no possibility can prove a cause of action against the non-diverse defendant) this Court can ignore his citizenship for purposes of analyzing diversity. See Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (One way fraudulent joinder is present is when there is no possibility that the plaintiff can prove a cause of action aginst the non-diverse defendant..).

Here, the claims against Mr. Faulkner are time-barred and Ms. Varner cannot establish a case against him. Accordingly, this Court should find Mr. Faulkner has been fraudulently joined to this case and ignore his citizenship for purposes of analyzing diversity jurisdiction. Once the Court does that, because Natasha Varner and Family Dollar are diverse, this Court has subject matter jurisdiction.

11.   Plaintiff is a citizen of Georgia. Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

12. In Plaintiff's Complaint, she alleges that she slipped and fell on March 19, 2019, and sustained injuries to her person. [Renewal Compl. ¶¶ 10, 12]. Plaintiff alleged that she has incurred medical expenses of approximately $106,428.49. [Renewal Compl. ¶40].

In *Harris v. Bloomin' Brands, Inc.*, 1:18-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back, neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of *Johnson v. Blackburn*, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and common sense, it could infer that the complaint meets federal jurisdictional requirements. *Id*.

Here, Plaintiff has already incurred medical bills five times more than the Plaintiff in *Harris* and anticipates more treatments. Plaintiff's medical expenses on its face exceeds the jurisdictional minimum of $75,000.00, exclusive of interest and cost. Accordingly, it is clear that the jurisdictional minimum is met here.

13. The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00 exclusive of interests and costs and is between citizens of different states.

14. Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of Gwinnett County, Georgia marked as Exhibit "E."

15. Defendant also attaches a copy of the answers filed in State Court marked as Exhibit F.

16. This action is currently pending in the State Court of Clayton County, Georgia, which is within the jurisdiction of the Northern District of Georgia, Atlanta Division. 28 U.S.C.A. § 1446(a).

WHEREFORE the Defendant prays the above action now pending before the State Court of Clayton County, Georgia be removed to this Court's jurisdiction.

This 22nd day of April, 2022.

>Goodman McGuffey LLP
>Attorneys for Family Dollar Stores of Georgia, LLC

By: */s/James T. Hankins, III*_____
>JAMES T. HANKINS, III
>GA State Bar No.  188771
>jhankins@GM-LLP.com
>3340 Peachtree Road NE, Suite 2100
>Atlanta, GA 30326-1084
>(404) 264-1500 Phone
>(404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATASHA VARNER,<br><br>Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF GEORGIA LLC, CORPORATE DEFENDANTS 1-5, JOHN DOE MANAGER,<br><br>Defendant. | Civil Action<br>File No.: |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Petition for Removal with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Danielle Obiorah, Esq.
Obiorah Fields, LLC
157 S. McDonough Street
Jonesboro, GA 30236
dbo@obiorahfields.com

This 22nd day of April, 2022.

- 2 -

*/s/James T. Hankins, III*_____
JAMES T. HANKINS, III
GA State Bar No. 188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax