# EXHIBIT "A"

# EXHIBIT "A"

e-Filed 2/1/2021 12:27 PM

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Deanna Riggins**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

NATASHA VARNER,                         )
                                        )
            Plaintiff,                  )
                                        )
v.                                      ) CIVIL ACTION FILE NO. __2021CV00235__
                                        )
FAMILY DOLLAR STORES OF                 )
GEORGIA LLC, CORPORATE                  )
DEFENDANTS 1-5, JOHN DOE                )
MANAGER                                 )
            Defendants.                 ) **JURY TRIAL DEMANDED**
                                        )

## COMPLAINT FOR DAMAGES

COMES NOW NATASHA VARNER, Plaintiff, and makes and files this complaint against Defendants FAMILY DOLLAR STORES OF GEORGIA, LLC ("Family Dollar"), as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff NATASHA VARNER resides at 7673 Green Springs Drive, Jonesboro, Georgia, and is subject to the jurisdiction of this court.

2.

Defendant Family Dollar Stores of Georgia, LLC, ( "Defendant Family Dollar") is a Virginia corporation, operating its business located at 2335 Highway 138 E, Jonesboro, 30236, Clayton County, Georgia. Defendant may be served by and through its registered agent, Corporation Service Company, 40 Technology Parkway South #300, Norcross, Georgia 30092. Family Dollar is subject to the jurisdiction and venue of this court.

3.

Corporate Defendants No. 1 through 5 are believed to be Georgia or foreign corporations, partnerships, associations or other legal entities that have transacted business in the State of Georgia and are responsible for the injuries and damages incurred by Plaintiff. Once the identity and the whereabouts of the Corporate Defendants are established, said Defendant(s) will be served with a copy of summons and complaint as provided by law. Corporate Defendants No. 1 through 5 are subject to the jurisdiction and venue of this Court.

4.

Defendant John Doe Corporation 1-5 provided services to Plaintiff through its agents and/or employees, and others for whom it bears legal responsibility.

5.

Plaintiff is informed and believes that at all times relevant to this action, Defendants were the agents or employees of each other, and in doing the things alleged herein were acting within the course and scope of their agency and/or employment and with the permission, knowledge, ratification, consent and/or affirmation of the co-defendants.

6.

Whenever and wherever reference is made to individuals who are not named as Defendants in this action, but were the agents and/or employees of Defendants, it is alleged that such individuals at all time acted on behalf of Defendants named in this action within the course and scope of their respective agencies and /or employments.

**FACTS**

2

7.

Defendant at all times relevant hereto, owned or operated, leased and/or possessed a business known as FAMILY DOLLAR located at 2335 Highway 138 E, Jonesboro, Georgia 30236.

On or about March 19, 2019, Plaintiff entered the Family Dollar as an invitee and proceeded carefully through the store for the purpose of collecting items to purchase.

8.

As Plaintiff was leaving an aisle and turning into another aisle, Plaintiff slipped and fell on broken-down boxes and debris that was left on the floor.  Plaintiff did not see the broken-down boxes and debris prior to her fall.

9.

The negligence of the Defendants caused Plaintiff to fall over the broken-down boxes and debris and sustain injuries to herself.

## COUNT I-
## PREMISES LIABILITY

10.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

11.

Defendants owe invitees, such as Plaintiff, a duty to exercise ordinary care to keep the Premises and its approaches safe.

12.

Defendants breached the duty owed to Plaintiff by failing to exercise ordinary care to keep  the Premises safe.

13.

Defendants knew or should have known of the existence of the broken-down boxes and debris and the hazardous condition of the aisle.

3

14.

Defendants had actual or constructive knowledge of the dangerous and/or hazardous condition that caused Plaintiff's injuries.

15

Plaintiff's fall was the direct result of the unsafe and hazardous condition in which the defendant maintained the floor of the store and the manner in which said floor was maintained constituted a dangerous condition. The Defendants acted negligently and recklessly in failing to keep the area clear and safe for shoppers. The Defendants acted negligently and recklessly in failing to properly inspect the area for safety hazards.

16.

Defendants breached its duty of care by failing to maintain its premises in a safe and hazard free condition and/ or to post appropriate warnings of existing hazards for the Plaintiff and it's employees and or business invitees.

17.

Plaintiff did not know and could not reasonably have learned of the danger posed by broken-down boxes and debris.

18.

At all times relevant hereto, Plaintiff was exercising reasonable care for her own safety.

19.

Defendants failed to exercise reasonable care to keep the Premises safe by:

(a)     Violating O.C.G.A. § 51-3-1 by failing to exercise ordinary care to keep the Premises safe and free from dangerous and/or hazardous conditions that Defendant knew or should have known about;

(b)     failing to inspect the area where the incident at issue occurred;

(c)     failing to remove the dangerous and/or hazardous condition; and,

4

(d)     failing to warn Plaintiff of the dangerous and/or hazardous condition.

20.

Defendants are negligent per se.

21.

Defendants' failure to exercise ordinary care is the direct and proximate cause of

Plaintiff's injuries.

22.

Defendants' failure to exercise ordinary care is the direct and proximate cause of Plaintiff's

injuries.

23.

Each of the forgoing acts and omissions constitute an independent act of Defendants'

failure to exercise ordinary care and one or more or all above stated acts were the proximate

causes of Plaintiff's injuries. Defendants are liable for Plaintiff's injuries, pain and suffering, cost

of treatment, cost of surgeries, and all other elements of damages allowed under the laws of the

State of Georgia.

## COUNT II
## NEGLIGENT TRAINING AND SUPERVISION AS TO ALL DEFENDANTS

24.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

25.

Defendants were negligent in failing to adopt appropriate policies and procedures to

make sure that appropriate inspections for hazardous conditions were performed on the premises

5

and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

## 26.

Defendants were negligent in training and supervising its staff as to preventing, inspecting for, timely remedying, and/or warning patrons about boxes and debris on the floor.

## 27.

As a direct and proximate result of Defendants negligence in training and supervising its employees, Plaintiff was injured.

## 28.

All of Plaintiff's injuries and damages, as aforesaid, were caused solely, directly and proximately by the negligence of the Defendants.

## **COUNT III**
## **VICARIOUS LIABILITY**

## 29.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

## 30.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendants and were acting within the scope of their employment.

## 31.

Defendants are responsible for the conduct of these individuals under the doctrine of respondent superior, agency or apparent agency.

6

## COUNT IV
## DAMAGES

32.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint

33.

As a direct and proximate result of the Defendants' joint and several negligent and wrongful acts and omissions, Plaintiff has incurred reasonable and necessary medical expenses of approximately $106,428.49.

34.

Defendants actions showed willful misconduct, malice, fraud, wantoness, oppression or an entire want of care, which raises the presumption of conscious indifference to the consequences. Thus, Plaintiff is entitled to punitive damages from Defendant Family Dollar under O.C.G.A. § 51-12.5.1.

35.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive and all other damages supported by the evidence and permissible under Georgia law, including, but not limited to:

a)    Personal injuries;
b)    Past, present and future pain and suffering;
c)    Disability;
d)    Mental Anguish;
e)    Loss of the capacity for the enjoyment of life;
f)    Incidental expenses;
g)    Past, present and future medical expenses; and
i)    Permanent injuries.

7

36.

Plaintiff is entitled to attorney's fees and the expense of litigation pursuant to O.C.G.A. § 13-6-11 given that the Defendants have been stubbornly litigious and have caused Plaintiff unnecessary expense. Defendants have forced Plaintiff to file this lawsuit in order to receive compensation for her injuries.

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against defendant as follows:

(a)     That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

This 1st day of February 2021.

Respectfully submitted,

Danielle Obiorah

_____
Danielle Bess Obiorah
Georgia Bar No.: 055770

Obiorah Fields, LLC
157 S. McDonough Street
Jonesboro, Georgia 30236
404-994-6218

8

2021CV00235                                                          e-Filed 2/1/2021 12:27 PM

*Tiki Brown*

Clyde Castleberry Co, Covington, GA 95015  **Tiki Brown**
**Clerk** of State Court
**Clayton County, Georgia**
**DeAnna Riggins**

SUMMONS                          SC-85-1

IN THE SUPERIOR/STATE COURT OF ___Clayton_____ COUNTY

## STATE OF GEORGIA

Natasha Varner                                    CIVIL ACTION
                                                  NUMBER _____2021CV00235_____

_____

_____ PLAINTIFF

                    VS.
Family Dollar Stores of Georiga, LLC

c/o Registered Agent

Corporation Service Co.

_____ DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:
Danielle Obiorah
Obiorah Fields, LLC
157 S. McDonough St.
Jonesboro, GA 30236
404-994-6218 - Phone

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This_____day of_____2/1/2021_____, 20_____.

                                        Clerk of Superior/State Court

                                        BY____DeAnna Riggins_____
                                                               Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.